IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZA MANG,<br>　　Plaintiff,<br>　　　　v.<br><br>LUTHERAN CHILDREN AND<br>FAMILY SERVICE OF EASTERN<br>PENNSYLVANIA, et al.<br>　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL CASE<br><br><br><br>NO. 14-2019 |

**MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND**

**Baylson, J.**　　　　　　　　　　　　　　　　　　　　　　　　August /2, 2014

**I.　Introduction**

　　Plaintiff Za Mang, care of his Guardian ad Litem, Peter I. Danielle, filed a lawsuit in the Court of Common Pleas of Philadelphia County in March of 2013, alleging state law negligence claims against Defendants Liberty Lutheran Services ("LLS"); Lutheran Immigration and Refugee Service ("LIRS"); Lutheran Children and Family Service of Eastern Pennsylvania as itself, and as operator of Luther Place Group Home ("LCFS"); and Mary Ellen Glick, an employee of LCFS. Defendants removed the case to federal court. Plaintiff now moves this Court to remand to state court.

**II.　Facts**

　　Plaintiff Za Mang came to the United States from a refugee camp in Burma in 2006, at the age of 13, through the United Nations High Commissioner for Refugees. ECF 10 (LIRS' Br. in Supp. of Removal), Ex. 1 (Pl.'s Compl.) ¶ 5. When Mr. Mang arrived in the United States, defendant LIRS was assigned responsibility for him. Id. LIRS, a wholly-owned subsidiary of LLS, is one of two agencies responsible for placing refugees through the Unaccompanied Refugee Minor program under the Office of Refugee Resettlement, a division of Health and Human Services. Id. ¶¶ 4-5.

After Mr. Mang's arrival, he was placed in a domestic foster care program in southeast Pennsylvania operated by LCFS and was later moved to a group home, also operated by LCFS in Pennsylvania. Id. ¶¶ 5-6, 10-11. Mr. Mang has special needs, including autism, social difficulties, and possibly some mental retardation. Id. ¶ 6.

Mr. Mang has alleged that the group home primarily housed juvenile delinquents. Id. Mr. Mang has further alleged that he repeatedly told the managers of the home that he was being harassed and bullied. Id. Mr. Mang was sexually assaulted by three minors and one adult living in the home. Id. All four of the attackers were criminally prosecuted and convicted. Id. ¶ 7.

Plaintiff Mang filed suit against Defendants in state court for (1) negligently placing him in an inappropriate group home and (2) causing him extreme emotional distress as a result of Defendants' failure to protect him from the other children at the group home. Id. ¶¶ 7-10.

Defendants LCFS and Mary Ellen Glick filed a Notice of Removal to this Court on April 3, 2014, contending that the suit must be removed to federal court under § 1441(b).[1] ECF 1. Plaintiff filed a Motion to Remand on April 16, 2014, arguing *inter alia* that removal was improper because this Court did not have original jurisdiction and the removing Defendants had not received the consent of the remaining Defendants to remove the case to federal court. ECF 2 at 3.

LIRS asserts that it did not receive the Notice of Removal until April 23 but, at a status conference with the Court, confirmed that it consented to removal. ECF 7. LCFS and Mary Ellen Glick then filed a supplemental brief in support of removal on June 12, 2014. ECF 9. For the first time in their Supplemental Brief, Defendants LCFS and Mary Ellen Glick contended that removal was proper under § 1442(a)(1). Id. at 4.

---

[1] As explained below, Defendants' citation was not correct.

LIRS also filed a Supplemental Brief in Support of Removal on June 13, 2014. ECF 10. Defendant LIRS argued only that it could properly consent to removal at that late date. Id. at 5.[2]

The state court docket reflects that Plaintiff personally served LLS with his state court Complaint on December 18, 2013. However, at the time this Memorandum was filed, LLS was unrepresented by counsel and had not filed an appearance, in either state or federal court. See No. CP-13-CV-131201769, Dkt. Entry of 1/6/2014 (Ct. Comm. Pl. Phila.).

### III. Legal Standard

Civil actions filed in state court may be removed to federal court under 28 U.S.C. § 1441. Defendants must follow the parameters set forth in 28 U.S.C. § 1446 to file a Notice of Removal, including stating the grounds for removal, and submit the Notice in accordance with Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a). The plaintiff may then file a Motion for Remand if he believes the action has been improperly removed.

Civil actions may be removed under diversity jurisdiction when no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(b). As the Third Circuit has made clear, "the burden is on the removing party to establish federal jurisdiction," when a party removes based on diversity of citizenship. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)).

Civil actions may also be removed under federal question jurisdiction when the claim at issue arises under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; 28 U.S.C. §1441(a). When an action is removed solely under federal question jurisdiction, "all

---

[2] Defendants LCFS and Mary Ellen Glick filed a Notice of Removal on April 3, 2013, within 30 days after they were served with Plaintiff's Complaint. Defendant LIRS did not consent to removal within the 30-day period. Defendant LIRS argues in its supplemental brief that it nevertheless consents to the removal. ECF 10. The Court need not consider whether LIRS's consent is valid because LLS has not given its consent to removal.

defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). When removing to federal court, the party invoking federal jurisdiction bears the burden of proving that removal is proper. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) ("The party asserting jurisdiction bears the burden of showing that all stages of the litigation [are] properly before the federal court.").

The Court accepts as true all well-pled allegations but need not accept any "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also New Jersey Dep't of Envtl. Protection v. Dixo Co., No. 06-1041(SRC), 2006 WL 2716092, at *4 (D.N.J. Sept. 22, 2006) (applying Morse in the removal context).

## IV. Discussion

Defendants' Notice of Removal is confusing. In it, Defendants asserted that removal was proper under § 1441(b), the diversity jurisdiction removal statute. ECF 1 at 3. However, in explaining their grounds for removal, Defendants seemed to invoke federal question jurisdiction by incorrectly quoting text that appears to be a conflation of § 1441(a) and § 1331.[3] ECF 1 at 3. Defendants went on to support their basis for jurisdiction by presenting allegations that bolstered removal under diversity jurisdiction. Defendants stated "[i]n accordance with § 1441, this case involves . . . injuries, which, as alleged, will exceed $75,000." ECF 1 at 4. In the same sentence, however, Defendants asserted that this action "[arose] out of a claim or right arising under the constitution." ECF 1 at 3. This, of course, is an element of federal question jurisdiction.

This Court will address these grounds in turn.

---

[3] Defendants' Notice of Removal purports to quote the statute as follows: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Defendants' quotation does not accurately recite the language of § 1441(a), § 1441(b), or § 1331.

## A. Diversity Jurisdiction

Although Defendants allege some facts to support removal to federal court on the basis of diversity jurisdiction, they fall short of their burden to demonstrate the existence of diversity jurisdiction. Plaintiff alleges that he is a citizen of Pennsylvania, yet Defendants seem to rely on Plaintiff's status as a refugee from Myanmar as conclusive proof that he is not a resident of Pennsylvania for diversity purposes. However, Defendants have not cited a single case in support of that contention. Absent such authority, this Court cannot find that Defendants have met their burden to show proper jurisdiction based on the diversity of citizenship of the parties.

## B. Federal Question Jurisdiction

Under § 1446(b)(2)(A), a civil action may be removed under § 1441(a), federal question jurisdiction, only if "all defendants who have been properly joined and served . . . join in or consent to the removal of the action." All Defendants are required to "independently express their consent to removal" to satisfy §1446(b)(2)(A). Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012); see also Brown v. Jevic, 575 F.3d 322, 327 (3d Cir. 2009) ("In a typical case . . . all defendants must consent to removal."). All Defendants were served with the Complaint. ECF 1 at 27-29. It is not clear, however, that LLS was served with the Notice of Removal. In fact, LLS has neither entered a notice of appearance nor responded to any pleading in this case. Given LLS's complete silence, §1446(b)(2)(A) has not been satisfied.

Even if LLS had consented, however, Defendants still have not demonstrated grounds for federal jurisdiction over Plaintiff's claims. "As a general rule ..., a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003). Moreover, the Third Circuit has made clear that "[t]he existence or expectation of a federal defense is insufficient to confer federal jurisdiction." New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp.,

13-3005, 2014 WL 3702591, at * 3, __ F.3d __ (3d Cir. July 28, 2014); In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999) ("[F]ederal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint; a federal defense does not confer subject matter jurisdiction."). Defendants cannot show that Plaintiff's Complaint raises a federal claim; rather, Plaintiff's negligence claims sound wholly in state law.

### C. Federal Officer Removal

In addition to Defendants' Notice of Removal not being clear enough, Defendants asserted in a supplemental brief, for the first time, that this action was removable under § 1442(a)(1), the federal officer removal statute. ECF 9 at 4. Defendants brief included no discussion of federal question or diversity grounds for removal.

Third Circuit law is clear that additional grounds for removal cannot be asserted after the 30 days allotted for removal under § 1446(b)(2)(B). See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.11 (3d Cir. 2003) ("[C]ompletely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished [to the removal notice]." (quoting 14C Wright & Miller, Federal Practice & Procedure § 3733 (3d ed.))); Effer v. Marriott Intern, Inc., Case No. 10-6274, 2011 WL 6133280, at *3 (E.D. Pa. Dec. 8, 2011) (same). The notice of removal may be amended to add additional grounds for removal during the 30-day period but may only be amended to clarify existing grounds after 30 days. See USX Corp., 345 F.3d at 205 (holding that allowing an amendment to the notice of removal after the removal period was not an abuse of discretion because the amendment "did not add new jurisdictional facts and did not rely on a basis of jurisdiction different from that originally alleged").

Here, Defendants did not attempt to amend their Notice of Removal. Instead, they completely rerouted their jurisdictional contentions in a supplemental brief. Asserting additional grounds for removal in a brief is improper.

Accordingly, the Court need only review whether this action is removable under the grounds asserted in the Notice of Removal. As previously mentioned, the Notice of Removal conflates the requirements for federal question and diversity jurisdiction, and Defendants fail to meet their burden under either jurisdictional ground.

## V. Conclusion

Defendants fail to demonstrate that they properly removed this litigation to federal court, as required by the federal removal statutes. An appropriate order follows.

O:\Caitlin\Civil\14-2019 (Mang)\2014.8.11 MoL re Removal.docx